Clifford Lee RADEMACHER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18317.

United States Court of Appeals Fifth Circuit.

Dec. 23, 1960.

George F. Edwardes, Texarkana, Ark., for appellant.

Paul N. Brown, U. S. Atty., Joe Tunnell, Asst. U. S. Atty., Tyler, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, while a prisoner serving a sentence at the Federal Correctional Institution at Texarkana, Texas, went over the wall, was pursued, captured and returned to the Institution. He was tried for violation of the Federal Escape Act, 18 U.S.C.A. § 751, and appeals from a conviction. Several contentions are made by the appellant, one of which is that the evidence was insufficient to take the case to the jury. The appellant had been a guard in a Louisiana prison and this, he claimed, had resulted in attacks on him by other inmates at Texarkana and placed his life in jeopardy. He took leave, he insisted, not for the purpose of departing permanently but only to be placed in maximum security where he would not be exposed to the danger to life and limb resulting from mingling with other prisoners. The lack of intent to escape was shown, so he says, by the fact that he only ran until he thought he was out of the range of the gun fire of his pursuers and then stopped in a drainage ditch until he was captured. The Government showed that the appellant had taken with him a small plastic bag which contained some candy and a map of Arkansas which had been removed from a volume of an encyclopedia in the prison library. On being retaken into custody the appellant outlined the travel plans he had made and these would have taken him through Arkansas and into Louisiana. The evidence was more than enough to sustain the conviction.

The appellant says that when the statements attributed to him were made he had not been taken before a Commissioner nor been informed of his right to counsel or his right to refrain from self-incrimination. The McNabb rule,[1] that a confession is inadmissible if made during illegal detention due to failure to carry a prisoner before a committing magistrate, does not apply where a prisoner is in legal custody. United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48. Thus the confession of a prisoner serving a sentence who has been retaken into custody after an unauthorized departure may be received although made before any taking of the prisoner before a magistrate, unless, of course, the confession was exacted by torture, threats or other unlawful means, Mullican v. United States, 5 Cir., 1958, 252 F.2d 398, 70 A.L.R.2d 1217. The confession was properly admitted.

To show that the appellant was in lawful custody at the time he absented himself, a certified copy of the judgment and sentence of his conviction was offered and received in evidence. The appellant urges that the custodian of the record should have been brought in as a witness to testify as to the copy and be subjected to cross-examination. The requirements for authentication [2] were met and there was no necessity for the pro-

---

1. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

2. 28 U.S.C.A. § 1733; Fed.Rules Civ.Proc. rule 44, 28 U.S.C.A.; Fed.Rules Crim. Proc. rule 27, 18 U.S.C.A.

duction of the custodian. Wong Wing Foo v. McGrath, 9 Cir., 1952, 196 F.2d 120. The copy was properly authenticated for admission by the certificate of the Clerk of the district court in which the appellant was convicted.

■ It is claimed that prejudicial error resulted from the statements of the attorney for the United States. Government counsel had made an objection to a question which was asked by the appellant's counsel. The objection was sustained. The following colloquy then ensued:

"United States Attorney: Your Honor, if I may further make the request of the Court that Counsel be instructed to cease and desist from asking questions, the answers to which he believes not to be admissible.

"The Court: Well, it would be a rather hard rule to enforce, Counsel, because the Court wouldn't know what the Counsel believes.

"United States Attorney: I think Counsel showed no surprise at this objection being sustained.

"The Court: I will say this, Mr. Tunnell. I think the Counsel is well aware of the procedures and rules of evidence. So, confine yourself within those realms.

"Defendant's Attorney: Your Honor, I shall certainly endeavor to do so."

There is no showing of any prejudice to the appellant by this occurrence. No objection was then made to the Government's request. The admonition to counsel that he keep within the rules of evidence was not regarded as improper by the appellant's counsel at the time it was made but, on the contrary, the response to it was an acknowledgment of its propriety.

Other questions raised are without merit and do not require discussion. There is no reversible error shown by the record and the judgment of the district court is

Affirmed.