.Wilbur Owen **MORTON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 8253.

United States Court of Appeals
Tenth Circuit.

Oct. 8, 1965.

Victor N. Nilsen, Denver, Colo., for appellant.

David I. Shedroff, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., for the District of Colorado, was with him on the brief), for appellee.

Before PHILLIPS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

After a prolonged hearing at which appellant appeared with appointed counsel, the district court denied relief under 28 U.S.C. § 2255 and made comprehensive findings which are amply supported by the record.

██ Appellant complains of his arrest without probable cause in Wyoming, appearance before a United States commissioner in that state, and removal to Colorado. These are not grounds for collateral attack under § 2255. See Klink v. Looney, 10 Cir., 262 F.2d 119, 121; Roddy v. United States, 10 Cir., 296 F.2d 9, 10; and Hobson v. Crouse, 10 Cir., 332 F.2d 561. At his jury trial on the criminal charge certain samples of appellant's handwriting were received in evidence without objection. Appellant now claims that these samples were obtained by an invalid search. The trial court found to the contrary and the record sustains the finding. The use of the handwriting exhibits violated no constitutional right of the accused. See Stanfield v. United States, 10 Cir., 350 F.2d 518.

██ The record of the sentencing shows a reference by the prosecutor to the wrong statute. Whether the transposition of the numbers was an error of the prosecutor or the reporter is immaterial. No substantial right of the accused was affected. See Rule 52(a), F.R. Crim.P. The release of the accused to state authorities after his federal arrest violates none of his constitutional rights. See Jones v. Taylor, 10 Cir., 327 F.2d 493, 494.

At the start of the criminal trial counsel for appellant stated to the court that he desired a psychiatric examination of the appellant and later in the trial made a written motion to the same effect. The court declined to continue the case and appointed a psychiatrist who examined appellant and reported that he was sane and competent. At the § 2255 hearing the psychiatrist testified and his testimony fully sustains the finding of the court that the appellant was sane and competent both before, during, and after the trial.

██ Appellant attacks his appointed trial counsel as incompetent and ineffective. Among other things he says that counsel failed to perfect an appeal. The record shows that at sentencing the court fully advised appellant of his right to appeal. The counsel testified that appellant specifically stated that he did not wish to appeal. After the trial the same counsel represented appellant for some 18 months in a civil matter and during

that period appellant did not raise the question of appeal. An examination of the trial record shows that appellant was ably represented. The other points argued deserve no consideration.

Affirmed.