**Peter Otto STILLE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8366.**

United States Court of Appeals
Tenth Circuit.

Dec. 21, 1965.

Richard L. Bohanon, Oklahoma City, Okl., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant was convicted and sentenced for a violation of the Dyer Act, 18 U.S. C. § 2312, and appeals, asserting that the trial court erroneously allowed the jury to consider certain statements made by appellant to law enforcement officers prior to his appearance before a United States Commissioner.

On May 16, 1965, Stille was arrested at the climax of a dramatic chase and capture by New Mexico state officers for designated traffic offenses. He was promptly taken before a justice of the peace, found guilty, and sentenced to thirty days in jail. While in custody Stille was questioned by both state and federal officers concerning his possession of the car he had been driving. Appellant does not contend that his responses were not voluntarily made but presents the unequivocal claim that no statement made by a suspect prior to his appearance before a commissioner can be admitted in evidence because of the compulsion of Rule 5, Fed.R.Crim.P. Appellant was taken before the Commissioner on May 20.

The appeal is without merit. Undue delay in taking an accused before a commissioner may destroy the voluntariness of a confession, Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, but neither Mallory nor Rule 5 constitutes a bar to the right of law enforcement officers to investigate crime by inquiry from obvious suspects. Shultz v. United States, 10 Cir., 351 F.2d 287. Stille was in lawful custody of state authority, was advised of his right to remain silent and of his right to counsel, and was in no way coerced. His statements were properly admitted. Swift v. United States, 10 Cir., 314 F.2d 860.

Affirmed.