Arthur CHAPMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9891.

United States Court of Appeals Tenth Circuit.

July 10, 1968.

Judge,* and BREITENSTEIN, Circuit Judge.

PER CURIAM:

Accused of violating the Dyer Act,[1] Arthur Chapman was tried and found guilty by a United States District Judge sitting without a jury and was sentenced to three years imprisonment. On this appeal he advances two reasons for reversal: (a) that "[t]he trial judge committed error by evincing the attitude of an advocate, and expressing prejudice"; and (b) that the court erred in receiving evidence of his confession because it was made during a period of unnecessary delay in presenting him to a committing magistrate, in violation of Rule 5(a) of the Federal Rules of Criminal Procedure.

The Government's proof was to the effect that about 1:30 a. m. on July 18, 1967, Chapman was driving in St. George, Utah, an automobile which had been stolen July 10 in Afton, Wyoming, and was pursued and arrested by a St. George policeman; that in the morning of July 20, at the county jail, Chapman confessed to the sheriff and an FBI agent that he stole the car and operated it on an interstate journey.

The appellant testified in his own behalf. With respect to his interview with the two officers he said, *inter alia*:

"He did ask me, he said: Did I steal the car?

"Well, I didn't admit I stole the car, but I did tell Mr. Anderson [the FBI agent], I said, 'Generally when a person is caught in a hot car, he steals it.' I did make that statement: Generally when a person is spotted in a car that is proven to be stolen, he did steal it. I did make that statement."

Chapman denied having confessed to the officers, but nowhere in his testimony

Lionel M. Farr, Salt Lake City, Utah, for appellant.

James F. Housley, Asst. U. S. Atty., (William H. Thurman, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Circuit Judge, WILBUR K. MILLER, Senior Circuit

---

\* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. 18 U.S.C. § 2312, which is as follows: "Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

did he expressly deny that he stole the car. In attempting to explain his possession of the stolen vehicle, he testified at some length that a man who was a total stranger to him had employed him to drive the car in question from Afton, Wyoming, to Las Vegas, Nevada. His lengthy story was improbable, to say the least.

We turn to consider the first assignment of error. The trial judge chided the Assistant United States Attorney for failing to ask Chapman whether he had ever been convicted of a felony, and instructed him to do so. Thereupon further cross-examination of the appellant revealed the fact that he had been so convicted. "Frankly," he said, "I can't remember the exact number of times." This is the essence of the contention that the trial judge assumed the attitude of a prosecutor.

■ It is true that the presiding judge used unseemly language in expressing impatience with Chapman and in excoriating the prosecutor. It could plausibly be argued that his behavior was prejudicial to the appellant, had a jury been present; for it would be difficult to assess the impact proof as to felony convictions might have on the minds of jurors. But here, the judge heard evidence from Government witnesses that was ample to show guilt, and had also just heard appellant's elaborate tale of how he obtained possession of the car, which was hardly worthy of belief. Had there been no evidence of felony convictions, the judge would have been fully justified in finding Chapman guilty, and undoubtedly would have done so. In these circumstances, it is hardly to be thought that testimony as to a criminal record caused the judge to reject Chapman's exculpatory testimony about how he obtained possession of the car. In

fact, before the appellant was interrogated as to his felony convictions, the judge had indicated disbelief in Chapman's story. While we do not condone the trial judge's rather intemperate language, directed toward both the appellant and the prosecutor, we fail to see that any prejudice to Chapman resulted therefrom.

■ We next consider the Rule 5(a) contention. Chapman was arrested, as we have seen, on July 18 by a St. George policeman. On July 20, while still in the custody of state officers, he confessed his guilt. A federal warrant of arrest was issued that day in Salt Lake City and on July 22 he was presented to a United States Commissioner. The period of federal detention from July 20 to July 22 before presentation to a magistrate cannot be considered violative of Criminal Rule 5(a) because it occurred after the confession and so could not have produced it. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944).

■ As for the period of detention from July 18, the time of arrest, until July 20, when Chapman confessed, it is enough to say that during that time he was in the custody of local officers and was not under federal arrest. Rule 5(a) of the Federal Rules of Criminal Procedure does not apply in that situation. Butterwood v. United States, 365 F.2d 380 (10th Cir. 1966), cert. denied 386 U.S. 937, 87 S.Ct. 960, 17 L.Ed.2d 810 (1967); Tucker v. United States, 375 F.2d 363 (8th Cir.), cert. denied 389 U.S. 888, 88 S.Ct. 128, 19 L.Ed.2d 189 (1967).

We note, too, that at the trial appellant did not object to the introduction of evidence about his confession.

Affirmed.

servation on the day before and that defendant fled prior to arrest was insufficient to support conviction for posses-