**Larry Leroy REDINGER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 10111.**

United States Court of Appeals
Tenth Circuit.

Dec. 12, 1968.

Melvin M. Gradert, Wichita, Kan., for appellant.

Guy L. Goodwin, Asst. U. S. Atty., District of Kansas (Benjamin E. Franklin, U. S. Atty., with him on brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from a conviction on an indictment charging appellant Redinger with the interstate transportation of a 1966 Mustang automobile, knowing the vehicle to have been stolen, in violation of 18 U.S.C. § 2312. He was tried by a jury and sentenced to imprisonment for a term of five years. The sole ground presented on appeal is the denial of a motion to suppress a written statement of the accused made prior to an appearance before a United States Commissioner according to the requisites of FED.R.CRIM.P. 5(a) and 40(b).

The material facts may be summarized. On October 27, 1967 while serving a federal sentence, Redinger failed to return to the Federal Pre-Release Guidance Center in Kansas City, Missouri, from his place of employment and became an escapee. He visited a used car dealer in that city and expressed an interest in buying a 1966 Mustang on display there. On the pretext of showing the car to a non-existent wife, a salesman allowed him to take the car from the lot. Following an excursion through Nebraska and Kansas, a Dodge City police officer apprehended him on November 9, 1967. The officer first became suspicious when he observed that the Mustang bore a dealer's tag from Missouri. He ascertained from his headquarters that the car was stolen and that it was reportedly being driven by an escaped federal prisoner. When Redinger returned to the car, he was arrested and placed in the county jail. Federal and state authorities were notified, and the following morning an F.B.I. agent interviewed the prisoner. The agent testified that the interview commenced at 11:10 A.M., the Miranda warnings were given, and Redinger signed a waiver of his rights at 11:14 A.M. Shortly thereafter Redinger orally admitted his escape, and the theft and interstate transportation of the car, and subsequently dictated a written statement to the agent, which he then read and signed. At that time he was in custody as an escaped prisoner. A fugitive warrant had been filed on November 3, but no complaint was ever filed and no warrant was issued for and no arrest was made on the Dyer Act charge.

The prisoner's only appearance before a United States Commissioner was on November 14, 1967 for a removal hearing on the escape charge arising in the Western District of Missouri. He waived removal, but remained in custody in Kansas pending indictment for the Dyer Act violation on December 12, 1967— the first day a Grand Jury could be convened.

Counsel moved to suppress the statement and a hearing on its admissibility was held out of the presence of the jury. The trial court ruled that the statement was admissible because Redinger was in custody as an escapee and hence, legally detained when the statement was made. Redinger's situation as an escapee was the same as though he had been returned to the original place of incarceration immediately after his arrest. The United States could then institute Grand Jury proceedings for violation of the Dyer Act without a prior arrest on a Commissioner's warrant. Under these circumstances the procedural requirements of Rule 5(a) were not applicable. United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48; Bond v. United States, 10 Cir., 397 F.2d 162; Gov't of Virgin Islands v. Lovell, 3 Cir., 378 F.2d 799; Wakaksan v. United States, 8 Cir., 367 F.2d 639, cert. denied, 386 U.S. 994, 87 S.Ct. 1312, 18 L.Ed.2d 341; Stille v. United States, 10 Cir., 354 F.2d 233; Swift v. United States, 10 Cir., 314 F.2d 860; Rademacher v. United States, 5 Cir., 285 F.2d 100; Edmonds v. United States, 106 U.S.App.D.C. 373, 273 F.2d 108, cert. denied, 362 U.S. 977, 80 S.Ct. 1062, 4 L.Ed.2d 1012.

Moreover, we have consistently held that every incriminating statement made by an accused prior to appearing before a United States Commissioner is not thereby rendered inadmissible. Thomas v. United States, 10 Cir., 394 F.2d 247; Walton v. United States, 10 Cir., 334 F.2d 343, cert. denied, Comley v. United States and Chow v. United States, 379 U.S. 991, 85 S.Ct. 706, 707, 13 L.Ed.2d 612. It is only when officers take advantage of an "unnecessary delay" to obtain a confession or incriminating statements that there is a violation of Rule 5(a). Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479; Nez v. United States, 10 Cir., 365 F.2d 286. Upon his recapture, Redinger was fully apprised of his rights. Since he was legally detained as an escapee, the federal officers were not required to take him before a Commissioner prior to the return of a Grand Jury indictment, and voluntary statements made in the meantime were admissible.

Affirmed.