Herbert Boyd **HAYES**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 446–69.

United States Court of Appeals Tenth Circuit.

Dec. 30, 1969.

Rehearing Denied Jan. 26, 1970.

Don Jemison, Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS and HILL, Circuit Judges, and LANGLEY, District Judge.

HILL, Circuit Judge.

Appellant petitioned the United States District Court for the Western District of Oklahoma for relief under Title 28 U.S.C. § 2255 and his motion to vacate sentence was denied after an evidentiary hearing. Appellant seeks to set aside a four-year sentence he is serving which was imposed after a jury convicted him on a one-count information charging interstate transportation of a stolen vehicle in violation of Title 18 U.S.C. § 2312. Appellant's motion to vacate is grounded upon alleged violations of his constitutional rights which he contends tainted the evidence presented against him at his trial.

In summary, appellant specifically contends: 1) he was illegally arrested and jailed by the Lawton City Police; 2) the car he was driving at the time of his arrest was illegally searched by the police; 3) the unconstitutional search produced the car's serial number and license tag number which was used to determine that the car was stolen; 4) that such information was used by an agent of the F.B.I. to induce him into making incriminating statements which were used against him at his trial; 5) the F.B.I. agent violated Rule 5(a) of the Federal Rules of Criminal Procedure by interrogating him while he was in the city jail and prior to taking him before a United States Commissioner; 6) his testimony at his preliminary hearing before the United States Commissioner was illegally obtained because he was not warned at that time that his testimony could be used against him at trial; 7) his testimony at the hearing was induced by the fact that he felt he had to respond to the testimony of an F.B.I. agent who had previously interrogated

Hayes. Lastly, he additionally contends here that the trial court on the § 2255 hearing erred in refusing to permit him to fully develop the facts surrounding each violation of the Constitution and the laws of the United States, all of which were related to evidence or testimony introduced at his criminal trial.

The facts material to this case began on January 25, 1968, when Lawton, Oklahoma police detectives approached and stopped Hayes as he was backing a 1967 Dodge automobile out of a parking place in downtown Lawton. Appellant had two passengers in the car with him by the names of Spears and Jackson. The detectives approached the car and its occupants because an informant had reported that the car could be stolen, that the occupants had purchased a shotgun, and that they should be checked out. After some questioning and the failure of Hayes to produce any evidence of ownership of the car, the detectives told Hayes that they thought the car was stolen. Hayes, upon the request of the police detectives, followed them to the Lawton Police Headquarters for further questioning and checking. Upon arrival at the police station, Hayes and his companions were taken inside for further questioning. The government's evidence is that they were advised of their rights. Shortly after appellant arrived at the police station, the arresting detective asked Hayes if he would let the detective look into the 1967 Dodge. Hayes said he could; upon looking into the car, the detective obtained the car's serial number from the door post, and on that occasion also procured the license number. Subsequently, Hayes was booked on the charge of investigation of auto theft, and the serial number and license tag number were relayed by teletype to determine whether the car was stolen. The answer was affirmative.

The next day, January 26, Hayes was first taken to a medical clinic for some personal medical attention and thereafter was taken by police officers for arraignment before a local magistrate. Upon arrival at the courthouse the officers found it closed due to the death of a public official, and Hayes was not then arraigned on a state charge. In the meantime, the F.B.I. had been advised of appellant's arrest and that the car was reported stolen from Illinois. That afternoon an F.B.I. agent arrived at the city jail to interview the trio. Hayes was the last questioned, he was advised of the *Miranda* rights and he signed the customary form acknowledging advice of his rights and waiver of counsel. The F.B.I. agent interrogated Hayes with the aid of the arresting city detective. When the F.B.I. agent confronted Hayes with the knowledge that the car was stolen, he admitted that he knew it was stolen. Hayes now contends that this confrontation induced him into making the admission. The questioning was concluded at about 6:00 P.M., January 26.

On January 27, 1969, a complaint was filed by the F.B.I. agent before a United States Commissioner and an arrest warrant was issued on Hayes. Appellant was brought before the Commissioner and advised of his rights as required by Rule 5, F.R.Crim.P. Later, Hayes retained an attorney and requested a preliminary hearing before the Commissioner. At this hearing the F.B.I. agent testified concerning Hayes' previous admission. In response, Hayes took the witness stand, testified in his own behalf and in the course of his testimony made further admissions which were used against him at his trial.

At trial, Hayes did not take the witness stand. The admissions made to the F.B.I. agent were introduced, and objection was made to them based upon a failure to give the *Miranda* warnings. The court forthwith held an evidentiary hearing outside the jury's presence in which the F.B.I. agent but not Hayes testified. The admissions were subsequently allowed into evidence and Hayes' admissions at the preliminary hearing were also introduced at trial. Ultimately, the jury convicted Hayes. He did not perfect a direct appeal of his conviction. Instead appellant thereafter filed a *pro se* motion in the court below under

28 U.S.C. § 2255 alleging 1) *Miranda* violations, and 2) an unnecessary delay in taking appellant before the Commissioner in violation of Rule 5(a), F.R.Crim.P. The court denied a hearing on the *Miranda* question since such a hearing had been held during the criminal trial and the court had ruled there had been no *Miranda* violation. A hearing on the Rule 5 complaint was ordered and counsel was appointed for Hayes. Thereafter his § 2255 motion to vacate was amended to include illegal search, illegal seizure, illegal working agreement between the Lawton police and the F.B.I., and interrogating Hayes before he was taken before a United States Commissioner.

■ Appellant first urges that his arrest was illegal and unconstitutional because the Lawton police detectives lacked sufficient probable cause to make the arrest. However, the validity of the arrest, without more, is not grounds for collateral attack in a proceeding under 28 U.S.C. § 2255.[1] This rule, well established in our cases, is not abrogated by the recent case of Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) because that case dealt with a § 2255 attack upon an illegal search which produced evidence which was used to convict Kaufman. The holding is very clear in dealing only with a search and seizure, and the basic foundation of the case is that the illegal search resulted in evidence used to convict the petitioner.[2]

Hayes' case is in a significantly different posture since it involves an arrest, and since his admissions were the only evidence introduced at his trial. By Hayes' own argument, the admissions were obtained as a result of the search and seizure; and, as will be demonstrated below, the search and seizure was consented to. Hence, we do not consider the question of the legality of the

arrest despite the fact that the trial court, out of an abundance of caution, considered the issue and determined that there was sufficient probable cause to make the arrest.

■ Appellant's contention that he was convicted on evidence obtained by an illegal search may of course be entertained in the proceeding. Appellant grounds this contention on these facts: the police searched his car without a warrant and not incident to an arrest; the search turned up the automobile serial number and license tag number; this discovery enabled the police to determine that the car was stolen; and, most importantly, this information enabled the F.B.I. agent to confront appellant with the fact that the car was stolen, which in turn scared appellant into admitting that he knew the car he had driven from Illinois was stolen.

■ The trial court found that Hayes voluntarily consented to the search of the car even though the request to make the search was made after Hayes and the car had arrived at the Lawton Police Headquarters. The record discloses that the detectives asked Hayes if they could look into the car, and Hayes agreed. Hayes accompanied them outside the police station and to the car where they made the search. Upon carefully comparing this case with the rule expressed in Villano v. United States, 310 F.2d 680, 684 (10th Cir. 1962) pertaining to the waiver of fundamental constitutional rights, we cannot say that the trial court erred in finding that Hayes consented to the search.[3]

■ Appellant further urges that in violation of Rule 5(a), F.R.Crim.P. he was interrogated prior to being taken before a United States Commissioner. For this reason he contends that his admission during the interrogation is tainted and was inadmissible at his

1. Morton v. United States, 351 F.2d 457 (10th Cir. 1965); Moreland v. United States, 347 F.2d 376 (10th Cir. 1965); Roddy v. United States, 296 F.2d 9 (10th Cir. 1961).

2. This accords with our statement in Gaitan v. United States, 317 F.2d 494, 496 (10th Cir. 1963).

3. *Cf.* Rogers v. United States, 369 F.2d 944 (10th Cir. 1966).

criminal trial. We must agree however with the trial judge in concluding that there was no violation of Rule 5(a), because at the time of the interrogation and the consequent admission, Hayes was in custody of the Lawton City Police. Rule 5(a) does not apply in that situation.[4]

■ The detention by the federal authorities was only for a matter of hours on January 27, 1968, and it was after Hayes had made his admission. So, like the state detention, the federal detention does not provide grounds to find a Rule 5(a) violation. Moreover, there was no Rule 5(a) violation stemming from the fact that the F.B.I. agent did not arrest Hayes sooner and take him before a magistrate.

■ It was not improper for the F.B.I. agent to interview Hayes while he was in state custody and before he was arrested on a federal warrant. "It is only when officers take advantage of an 'unnecessary delay' to obtain a confession or incriminating statements that there is a violation of Rule 5(a)."[5] Appellant attempted to show that such were the circumstances of his case by arguing to the trial court that there was an illegal working agreement between the Lawton Police and the F.B.I. The trial court could not find any evidence of an arrangement whereby the Lawton Police would illegally hold a party until the F.B.I. could "get the goods" on him. We agree that whatever coordination and cooperation there was between the law enforcement agencies was proper, and that there was no unnecessary delay as contemplated by Rule 5(a).[6]

■ Appellant next argues that his admission made at the preliminary hearing before the United States Commissioner was inadmissible at his criminal trial because the Commissioner and all other persons connected with the hearing failed to warn Hayes that his statements could be used against him at his trial. Suffice it to say that when Hayes and his retained counsel decided to forego his privilege against self-incrimination and testify at the hearing, there was no obligation on the part of the Commissioner to repeat the required *Miranda* warning that had been previously given by the Commissioner. More importantly, this point on appeal was neither raised in the amended motion to vacate before the trial court nor decided by the trial court. Therefore, we are precluded from considering the point.[7]

In connection with the statements which Hayes made at the preliminary hearing, he contends that he was induced and required to testify at the hearing in order to defend against the testimony of the F.B.I. agent who interrogated Hayes. In other words, the admission at the hearing was the tainted fruit of the prior admission at the interrogation which in turn was tainted by the alleged illegal search and Rule 5(a) violations. Beyond the fact that the syllogism breaks down because we hold that there was neither an illegal search nor a 5(a) violation, appellant's contention fails for another reason. He did not raise this point in his § 2255 motion to vacate, and thus the trial court did not decide the point.

In conclusion, appellant argues that the trial court on the § 2255 motion erred in refusing to permit him to more fully develop the facts surrounding each alleged violation of his constitutional rights. We have read the record which discloses considerable latitude by the trial judge in taking evidence. There was no undue restriction.

Affirmed.

4. Chapman v. United States, 397 F.2d 24 (10th Cir. 1968).

5. Redinger v. United States, 404 F.2d 310 (10th Cir. 1968).

6. Thomas v. United States, 394 F.2d 247, 249 (10th Cir. 1968).

7. Williams v. United States, 371 F.2d 536 (10th Cir. 1967).