**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SAMMY LAFOGA, FAGA`ALU PATU, and TOLO BERNARD,**
**Defendants**

High Court of American Samoa
Trial Division

CR No. 35-96
CR No. 36-96
CR No. 37-96

July 18, 1996

Before KRUSE, Chief Justice, BETHAM, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendants Sammy Lafoga and Faga`alu Patu, David P. Vargas
For Defendant Tolo Bernard, Virginia Sudbury

Order Denying Motions to Dismiss:

## INTRODUCTION

Three prisoners escaped from the Tafuna Correctional Facility ("TCF"), where they had been confined following conviction. On March 25, 1996, Bernard escaped from the prison by walking through the open front gate. He was arrested a few hours later and returned to confinement. Patu and Lafoga walked out the front gate of the TCF on April 2, 1996. Patu returned to the facility later that afternoon. Lafoga was arrested and returned to TCF the next day.

Following their respective returns to custody, all three were removed from the general population and placed in maximum security. On May 21, 1996, the government arraigned all three for escape from confinement in violation of A.S.C.A. § 46.4627. The defendants have moved to dismiss the criminal actions on three grounds, all of which we deny, for the reasons given below.

## DISCUSSION

### I. Double Jeopardy

The defendants first claim that their criminal prosecution constitutes double jeopardy. They claim that, having already been subjected to punishment by prison officials, in that they were moved from the general prison population into maximum security, they cannot now be tried by the government.

■ Article I, Section 6 of the Revised Constitution of American Samoa, which mirrors the Fifth Amendment of the United States Constitution, provides that "No person shall twice be subject for the same offense to be twice put in jeopardy of life or liberty." Federal law interpreting the Fifth Amendment is persuasive in our interpretation of our Double Jeopardy Clause.[1] The defendants have not cited a single case to support their argument of double jeopardy, which is sparse. This is not surprising, because the law is firmly against them. Every U.S. Circuit Court of Appeal

---

[1] Interestingly, the Defendants have only moved for dismissal under the American Samoa Double Jeopardy Clause, not the Double Jeopardy Clause of the Fifth Amendment. In the current case, however, our analysis of each would be the same.

that has examined the question has ruled that prison discipline does not preclude a subsequent criminal prosecution. *See, e.g., United States v. Rising*, 867 F.2d 1255, 1259 (10th Cir. 1989); *Kerns v. Parratt*, 672 F.2d 690, 691-92 (8th Cir. 1982); *Fano v. Meachum*, 520 F.2d 374, 376 n.1 (1st Cir. 1975), *rev'd on other grounds*, 427 U.S. 215 (1976); *United States v. Herrerra*, 504 F.2d 859, 860 (5th Cir. 1974); *United States v. Stuckey*, 441 F.2d 1104, 1105-06 (3rd Cir. 1971); *United States v. Apker*, 419 F.2d 388 (9th Cir. 1969); *United States v. Shapiro*, 383 F.2d 680, 683 (7th Cir. 1967); *Hamrick v. Peyton*, 349 F.2d 370 (4th Cir. 1965); *Gibson v. United States*, 161 F.2d 973, 974 (6th Cir. 1947). We agree that this is the rule under our Double Jeopardy Clause. Thus, disciplinary actions by prison officials do not constitute jeopardy to preclude a subsequent criminal trial.

## II. Rule 5(a)

The defendants next argue that the prosecution should be dismissed as a violation of T.C.R.Cr.P. 5(a). Rule 5(a) reads, in pertinent part: "An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the next sitting of the district court." The first time the defendants were taken before a court was at their arraignment on May 21, 1996, a significant time after their respective arrests.

Criminal procedure in the High Court must conform as nearly as may be practical to the Federal Rules of Criminal Procedure. *See* A.S.C.A. § 46.0501. We consider interpretations of the federal rules by federal courts to be highly persuasive in our interpretation of the local rules, which mirror the federal rules. *See American Samoa Gov't v. Isaia*, CR No. 65-95, slip op. (Trial Div. March 28, 1996); *Fanene v. American Samoa Gov't*, 4 A.S.R. 957 (Appellate Div. 1968). Unfortunately, the federal cases cited by the defendant have almost nothing to do with the present situation. *See United States v. Jernigan*, 582 F.2d 1121 (9th Cir. 1978) (holding that dismissal is appropriate if officer delays executing arrest warrant until such time as arrestee cannot be brought before magistrate until serving long weekend in jail); *United States v. Osunde*, 638 F. Supp. 171, 176-77 (N.D. Cal. 1986) (holding that Rule 5(a) applies to criminal charges while a person is being held by immigration officials). The cases cited by the government are even less relevant. *See United States v. Lovasco*, 431 U.S. 783 (1977) (dealing with the Sixth Amendment right to a speedy trial); *United States v. Marion*, 404 U.S. 307 (1971) (same).

On the other hand, we were able to locate immediately with very little research effort the appropriate interpretation of Federal Rule 5(a). "The provisions of Rule 5 . . . may not be availed of by a prisoner in escape status." *Rush v. United States*, 290 F.2d 709, 710 (5th Cir. 1961); *see* 1

112

Charles Alan Wright, *Federal Practice & Procedure* § 71, at 77 (2d ed. 1982 & Supp. 1994) ("Rule 5 does not apply . . . to a prisoner who has escaped . . . ."); *see also Redinger v. United States*, 404 F.2d 310, 312 (10th Cir. 1968); *Government of Virgin Islands v. Lovell*, 378 F.2d 799 (3rd Cir. 1967); *Wakakshan v. United States*, 367 F.2d 639 (8th Cir. 1966), *cert. denied*, 386 U.S. 994 (1967); *Rademach v. United States*, 285 F.2d 100 (5th Cir. 1960); *Edmonds v. United States*, 273 F.2d 108 (D.C. Cir. 1959), *cert. denied*, 362 U.S. 977 (1960); *cf. United States v. Carignan*, 342 U.S. 36, 42 (1951) (holding that Rule 5 does not apply where confession was made before arrestee was presented to magistrate when he was arrested for a different crime). A prisoner already in custody who is merely returned to custody following an escape does not possess the liberty interest protected by Rule 5. Therefore, he is not denied any liberty interest where Rule 5 is not followed.

Thus, the local application of Rule 5 should follow the clear federal application of Rule 5, which does not apply to an escaped prisoner.

*III. Selective Prosecution*

 The defendants' final argument is as ill-constructed as their first two. They claim that their prosecutions must be dismissed because they have been selectively chosen for prosecution. However, mere selectivity in prosecution does not present a problem. *Oyler v. Boles*, 368 U.S. 448 (1962). To prevail under this defense and have his indictment dismissed, a defendant must show that his prosecution was "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification," and that others similarly situated have not been prosecuted. *Wayte v. United States*, 470 U.S. 598, 608 (1985); *Oyler*, 368 U.S. at 456; *Yick-Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886); *United States v. Insco*, 496 F.2d 204 (5th Cir. 1974); *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973) (en banc); *United States v. Crowthers*, 456 F.2d 1074 (4th Cir. 1972); *United States v. Steele*, 461 F.2d 1148 (9th Cir. 1972). Selective prosecution claims are reviewed under ordinary equal protection standards. *Wayte*, 470 U.S. at 608.

 The defendants have not claimed that they belong to a suspect or quasi-suspect class, let alone that their prosecutions are based upon their membership in this class. Nor have they claimed that they have had a fundamental right violated. They claim that they have been selected out for prosecution because their escapes were publicized in the newspaper. Assuming this is true, it is of no consequence in determining the level of scrutiny to be applied. Furthermore, their attempt to analogize their case to *United States v. Steele*, 461 F.2d 1148 (9th Cir. 1972), is entirely misplaced. In *Steele*, the court stated explicitly and at length that the defendants had been singled out for prosecution because they exercised their fundamental

First Amendment right of freedom of speech. *See id.* at 1151-52. The defendants have absolutely no claim that they are being prosecuted because they exercised a constitutionally guaranteed right like that in *Steele*.

■ Thus, the defendants' claim is properly analyzed under the rational-basis test. Under this test, the government need only show that its actions are rationally related to a legitimate state interest. *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 997 (1993). Any reasonable purpose will suffice. The weight stands firmly in favor of the government.

The defendants have not even presented an argument that the government cannot meet this test. Clearly, the government has a legitimate interest in preventing and deterring prison escapes. This is particularly true where prisoners commonly walk out the front gate of the prison, as the defendants allege. We cannot say that the decision to prosecute only the most-publicized cases is unrelated to the interest of deterring escape. Even if the defendants could prove every other element of this claim, they could not prevail.

## CONCLUSION

The motions to dismiss are denied.

It is so ordered.