**Frank L. RUSH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18526.**

United States Court of Appeals
Fifth Circuit.

May 12, 1961.

Frank L. Rush, in pro. per.

J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., William C. O'Kelley, Asst. U. S. Atty., Atlanta, Ga., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before JONES and BROWN, Circuit Judges, and CONNALLY, District Judge.

CONNALLY, District Judge.

This is an appeal from an order of the Trial Court denying, without hearing, appellant's § 2255 [1] motion attacking sentences previously imposed by the Trial Court, and pursuant to which appellant is confined in the U. S. Penitentiary at Atlanta.

While a prisoner in the U. S. Penitentiary at Atlanta, serving a two-year sentence for a Dyer Act violation,[2] appellant effected his escape. While thus at large,

---

1. Title 28 U.S.C.A.

2. The unlawful transportation in interstate commerce of a stolen motor vehicle, knowing it to have been stolen, in violation of § 2312, of Title 18 U.S.C.A.

he committed one or more Dyer Act violations. Apprehended a few days later by local authorities at Zanesville, Ohio, appellant was forthwith delivered to Federal authorities and immediately returned to the penitentiary at Atlanta. In due course thereafter, in separate proceedings, he entered pleas of guilty to the escape, and the Dyer Act Offense. In each instance, sentence of one year and one day was imposed.

Appellant's contentions are that his removal from his place of arrest back to Atlanta without a hearing before the nearest U. S. Commissioner, and without a removal warrant, was unlawful; that having been placed in solitary confinement by prison officials upon his return, he may not be tried and sentenced for his escape without being placed in double jeopardy; and that the sentence imposed by the Court in each case was uncertain, ambiguous and void, or, if not void, then each should be construed as a concurrent, rather than a consecutive sentence.

The provisions of Rules 5 and 40, Federal Rules of Criminal Procedure, 18 U.S.C.A. may not be availed of by a prisoner in escape status (Rule 54(b) (5), Mullican v. U. S., 5 Cir., 1958, 252 F. 2d 398, 70 A.L.R.2d 1217). The double jeopardy contention is no better taken (Mullican v. U. S., supra). Additionally, these questions were ones for review on appeal, not by means of a § 2255 proceeding.

The sentences imposed were clear and unambiguous. The sentence imposed for the escape was to begin to run on the expiration of, or release from, the sentence appellant then was serving in the penitentiary; and the sentence for the Dyer Act violation was to commence on the expiration of, or regular release from, the sentence imposed for the escape.

As all of the foregoing is made manifest from the motion, or the files and records of the case, the Court was warranted in determining the matter without hearing.

Affirmed.