Edward Joseph KEAVENY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26111.

United States Court of Appeals Fifth Circuit.

Jan. 7, 1969.

Rehearing Denied Feb. 12, 1969.

Jack W. Hawkins, Dallas, Tex., for appellant.

Melvin M. Diggs, U. S. Atty., Patrick H. Mulloy, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before ALDRICH *, GODBOLD and DYER, Circuit Judges.

PER CURIAM:

The appellant, Keaveny, appeals his conviction of knowingly, willfully and unlawfully escaping from a federal correctional institution.[1] Keaveny claims that during the afternoon and evening prior to his early morning escape he had drunk a large quantity of grain alcohol which he had stolen from the prison dental laboratory and had swallowed an overdose of asthma medication which he had wrongfully hoarded for just such an occasion. According to Keaveny, this particular mixture was chosen to make him "happy" and to enable him to stay awake for the "late show" on television, not to create such a state of mental disorientation as to allow him to escape without intending it or even remembering it. However, the jury apparently believed that if Keaveny had been drinking at all, he merely had "one for the road." We affirm.

Keaveny urges various grounds for reversal. He asserts double jeopardy because he had already administratively lost twelve days accumulated "good time." This contention is without merit. Administrative discipline of an escapee does not prohibit criminal prosecution for the escape. Mullican v. United States, 5 Cir. 1958, 252 F.2d 398, 70 A.L.R.2d 1217; United States v. Shapiro, 7 Cir. 1967, 383 F.2d 680.

Keaveny argues that the failure to promptly provide him with a physician and a lawyer denied him due process. We disagree. He made no request that a lawyer be appointed to represent him. While Keaveny did request a physician, he never grounded such a request on the need of a blood test to establish his lack of mental capacity at the time of his escape. He requested a physician to treat him for a stomach disorder and for various cuts and "lacerations." Except for a slight limp Keaveny appeared to be physically normal when he was taken into custody. He did not exude an odor of alcohol or appear to be actively ill. There was no evidence of vomit or blood on his clothes. It is only in retrospect that Keaveny alleges that a lack of medical attention deprived him of possible evidence for his defense.

Keaveny next contends that there was insufficient evidence to support a jury verdict of guilty. We disagree. Richard Nash, a prison official who spoke with Keaveny fifteen minutes before Keaveny's escape, testified that Keaveny was "coherent and intelligible" and that his physical condition appeared to be "very good." No reasonable hypothesis of innocence is consistent with all reasonable inferences to be drawn from the evidence viewed in the light most favorable to the government. Sykes v. United States, 5 Cir. 1966, 373 F.2d 607, 609.

Finally, Keaveny claims that he was denied due process because he was given no hearing from a Saturday until the following Monday. However, the right of an accused to a prompt hearing before a magistrate does not apply to an escapee already in legal custody. Rademacher v. United States, 5 Cir. 1960, 285 F.2d 100. Keaveny was transferred for safekeeping to the state authorities because he had escaped from a federal minimum security institution where there were no walls or guards and very little supervision.

Affirmed.

---

* Of the First Circuit, sitting by designation.

1. 18 U.S.C.A. § 751.