UNITED STATES of America,
Plaintiff-Appellee,

v.

Tony Silva CORDOVA, Raymond Velarde
Duran and Anthony Moreno Jimenez,
Defendants-Appellants.

Nos. 27028–27030
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

June 13, 1969.

Rehearing Denied July 11, 1969.

Joseph J. Rey, Sr., El Paso, Tex., for appellants.

Ted Butler, U. S. Atty., San Antonio, Tex., Romualdo Cesar Caballero, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

These three appeals arise out of the same facts and involve the same issue.[1] Two of the appellants were indicted for concealing and facilitating the transportation and concealment of a quantity of heroin, 21 U.S.C.A. § 174, and for introducing and attempting to introduce into the grounds of a Federal Correctional Institution the same heroin, 18 U.S.C.A. § 1791. Jimenez was indicted for the same first count, but the second count against him was for possession of heroin at a Federal Correctional Institution, 18 U.S.C.A. § 13, Vernon's Ann. Tex.Pen.Code, art. 725b, § 2(a). Each appellant was convicted in a non-jury trial and sentenced to ten years on each count, the terms to run concurrently. Each appellant was also subjected to administrative punishment by the loss of accumulated "good time."

The single defense raised by the appellants is that the combination of administrative punishment and criminal conviction placed them in double jeopardy in violation of the Fifth Amendment.[2] This contention is without merit. Administrative discipline of a prisoner does not prohibit criminal prosecution for the same event. Keaveny v. United States,

1. Pursuant to Rule 18 of the Rules of this Court, this case has been placed on the Summary Calendar for disposition without oral argument. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969); Floyd v. Resor, 409 F.2d 714 (5th Cir. 1969).

2. U.S.Const., amend. V: " * * * nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * *."

405 F.2d 821, (5th Cir. 1969); Mullican v. United States, 252 F.2d 398, 70 A.L.R.2d 1217 (5th Cir. 1958); United States v. Shapiro, 383 F.2d 680 (7th Cir. 1967).

The judgment is affirmed.