**Arthur GILCHRIST, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 29456
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 17, 1970.

Arthur Gilchrist, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing.

This appeal is taken from an order of the district court denying the petition of a federal convict for the writ of habeas corpus. We affirm.

In his habeas corpus petition in the court below appellant contended (1) that he has been deprived of 113 days of his accumulated good time without just cause, and (2) that he has been placed in double jeopardy by the filing of a criminal indictment for the same act for which his good time was forfeited.

Appellant is presently serving a three and one-half year sentence for violating Title 18 U.S.C.A., § 495(2), uttering a United States Treasury check with forged endorsement.

■■ There is no indication in the record that appellant had appealed the forfeiture of good time to the Attorney General. Before a prisoner can avail himself of judicial review for loss of good time, he must first exhaust his administrative remedies by applying to the Director of the Bureau of Prisons for a recommendation to restore his forfeited good time, which is subject to being restored by the Attorney General on that recommendation, 18 U.S.C.A., § 4166. Smoake v. Willingham, 10 Cir., 1966, 359 F.2d 386; Lloyd v. Heritage, 199 F.Supp. 46, N.D.Ga., 1961; Lynch v. United States, 5 Cir., 1969, 414 F.2d 281.

■ As to appellant's second contention, the double jeopardy provision of the Fifth Amendment is not violated because a prisoner is subjected to discipline by prison authorities for violating prison regulations and is also prosecuted in the district court in a criminal action based upon the same acts.

United States v. Cordova, 5 Cir., 1969, 414 F.2d 277; Keaveny v. United States, 5 Cir., 1969, 405 F.2d 821; Rush v. United States, 5 Cir., 1961, 290 F.2d 709; Mullican v. United States, 5 Cir., 1958, 252 F.2d 398.

The judgment of the district court is Affirmed.