UNITED STATES of America, Plaintiff-Appellee,

v.

Ralph Michael LEPISCOPO, Defendant-Appellant.

No. 28802

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1970.

Ralph Michael Lepiscopo, pro se.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Ralph Michael Lepiscopo appeals from his conviction upon a jury verdict of guilty of attempted escape from the United States Penitentiary in Atlanta, Georgia; of aiding and abetting the attempted escape of three other inmates;[1] and of four counts of assaulting, opposing and impeding federal officers (prison officials) in the execution of their official duties.[2] We affirm the judgment of the district court.[3]

The prosecution resulted from an attempted escape on June 11 and 12, 1968, by appellant Lepiscopo and three other inmates who were armed with revolvers and a prison-made dagger. The government's evidence revealed that the four escapees had succeeded in removing one section of a steel bar on a washroom window and were removing another when they were discovered by prison officials. These officials and other prison personnel were then seized as hostages by the four inmates. Lepiscopo and his three confederates captured a total of 27 hostages, although two women were later released. Appellant does not question the sufficiency of the evidence to prove the offenses charged.

At his trial and upon this appeal, appellant has voluntarily chosen to waive the assistance of counsel. His defense was insanity at the time of commission of the offense. This was Lepiscopo's second trial, the prior judgment of conviction having been reversed on appeal on the authority of Blake v. United States, 407 F.2d 908 (5th Cir. 1969), which set forth a new definition of insanity to be given in the court's instructions to the jury.

Appellant has made 24 assignments of error, one of which he has abandoned. Most of these are rather despairing technical objections involving administration of the Jencks Act, 18 U.S.C. § 3500, problems of search and seizure in the prison, and sufficiency of the evidence on the question of sanity.

Appellant complains of having been required to request, receive and

---

1. In violation of 18 U.S.C. § 751.

2. In violation of 18 U.S.C. § 1114.

3. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing.

examine Jencks Act statements in the presence of the jury. Although some courts take a contrary view, this court has rejected the adoption of an inflexible rule and leaves the matter to the sound discretion of the trial court. Beaudine v. United States, 414 F.2d 397 (5th Cir. 1969). Cf. Matthews v. United States, 407 F.2d 1371 (5th Cir. 1969). Our review of the record indicates no abuse of discretion in the case sub judice.

■ It is also contended that the destruction of original handwritten notes taken by the FBI special agent who interviewed certain government witnesses deprived appellant of his rights at trial under the Jencks Act. The testimony of the agent establishes that the destruction of the notes was done in good faith and in accordance with customary administrative procedure. All copies of the agent's final reports of the interviews were furnished to the appellant. No specific prejudice to appellant is alleged to have resulted from the nonavailability of the notes, nor can any be discovered in the record. Thus, the trial court did not err in refusing to order the witnesses' testimony stricken. Matthews v. United States, *supra*, at 1376–1377; United States v. Covello, 410 F.2d 536, 545 (2d Cir. 1969), cert. denied, 396 U.S. 879, 90 S.Ct. 150, 24 L.Ed.2d 136 (1969); United States v. Hensley, 374 F.2d 341, 353 (6th Cir. 1967), cert. denied, 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1373 (1967). Cf. Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959).

We find no basis in the record for appellant's assertion that he was denied disclosure of exculpatory material and information prior to and during the trial. The record indicates that all Jencks-type statements and a large number of other documents, including the government's entire file, were provided to appellant at least one week prior to commencement of the trial. Appellant was furnished every item which could have conceivably assisted him in the preparation of his defense.

■ Lepiscopo claims that his motion to suppress the weapons should not have been denied without an evidentiary hearing. The weapons were dropped from a window just before the four inmates surrendered to the guards. These weapons were not the subject of a search and seizure, but were contraband found on the prison grounds in plain view of the prison officials who retrieved them. We find no error in the ruling denying suppression. Cf. Davis v. United States, 409 F.2d 1095, 1100 (5th Cir. 1969); Williams v. United States, 404 F.2d 493 (5th Cir. 1968).

■■ Appellant argues next that the district court erred in admonishing him not to make side comments to the jury while he was cross-examining a witness. The trial judge stated: "Don't make comments. You'll have your opportunity to be sworn and testify, if you care to do so." The Ninth Circuit has adopted the view that a pro se defendant who persistently uses his position as attorney to present unsworn testimony to the jury waives his privilege against self incrimination. Redfield v. United States, 315 F.2d 76, 80 (9th Cir. 1963). However, we need not consider the issue of waiver here, for the record clearly reflects that appellant, on at least two occasions, was warned of his making unsworn statements in the presence of the jury and the trial judge admonished him in the language quoted above. This did not constitute a comment on defendant's failure to testify but rather reflected his right to take the stand and testify under oath if he so desired. The trial court properly charged the jury, with appellant's approval, of a criminal defendant's right to testify or to remain silent. Assuming arguendo that the admonition of the trial court could be construed as a comment on appellant's failure to testify, we are convinced beyond a reasonable doubt that such error was harmless only. Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Appellant urges that the judgment should be reversed because he was found not guilty by reason of insanity at

his first trial on count 5, which alleged a violation of 18 U.S.C. § 1792 for conveying a deadly weapon "from place to place, within and upon the grounds of the United States Penitentiary." We find no merit in this argument. The jury rendered a verdict of guilty on the other eight counts, clearly indicating their belief in his sanity at the time the offenses were committed. They entertained a reasonable doubt in their minds only concerning his guilt of the § 1792 count.

It is contended that this prosecution constitutes double jeopardy because Lepiscopo was punished in an administrative capacity for his participation in the attempted escape, by solitary confinement and by administrative forfeiture of his accumulated "good time" credits. Forfeiture of earned good time is authorized by the provisions of 18 U.S.C. § 4165, in the event "a prisoner commits any offense or violates the rules of the institution." Clearly this applies to Lepiscopo's conduct on June 11 and 12, 1968. There is no validity to appellant's assertion that he has been exposed to double jeopardy, for this court has held that "[A]dministrative discipline of an escapee does not prohibit criminal prosecution for the escape.". Keaveny v. United States, 405 F.2d 821, 822 (5th Cir. 1969). See United States v. Cordova, 414 F.2d 277 (5th Cir. 1969); Mullican v. United States, 252 F.2d 398 (5th Cir. 1958).

The record amply illustrates that appellant's sanity at the time of the offenses was proven beyond a reasonable doubt, and that he was competent to waive, and did validly waive, representation of counsel in the entire proceedings below. It is further apparent that Lepiscopo ably and aggressively served as his own counsel with a degree of competence which few laymen could exceed.

We find no error in the court's instructions to the jury, nor in the government's final argument, to which no defense objection was made. We have carefully examined the voluminous record in this case in light of appellant's contentions and the "plain error" rule.[4] We are firmly convinced that appellant was accorded a fair and impartial trial, at which the court granted his every reasonable request and afforded him much latitude when his conduct during the trial was unreasonable. The judgment of the district court is affirmed.