UNITED STATES of America, Plaintiff-Appellee,

v.

James W. McPHERSON, Jr., Defendant-Appellant.

No. 29994.

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1971.

W. O. Beauchamp, Jr., Tallahassee, Fla. (Court-appointed), for defendant-appellant.

William Stafford, U. S. Atty., Stewart J. Carrouth, C. W. Eggart, Jr., Asst. U. S. Attys., Pensacola, Fla., for plaintiff-appellee.

Before RIVES, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

The appellant, while a prisoner serving a sentence at the Federal Correctional Institution at Tallahassee, Florida, was found at night in an unauthorized recreation area concealing himself under a weight-lifting bench. He was tried for attempted escape in violation of 18 U.S.C. § 751(a) and appeals from a conviction. We affirm.

█ The initial contention advanced by appellant is that the requisite overt act and intent to escape are not supported by the evidence. Appellant crossed the first of three prison fences and concealed himself behind the bench in the recreation area,[1] he insists, not with the intent of actually leaving the prison confines but for the sole purpose of securing a transfer to another institution by feigning an escape. However, the jury apparently believed that if appellant contemplated a transfer at all it was not to another prison but merely to the other side of the Tallahassee compound and beyond. Government witnesses testified that inmates were instructed over the loudspeaker to leave the recreation area; that appellant was absent from his dorm at bed check; that an unidentified person was seen atop a building above the recreation area; and that appellant was attempting to conceal himself when discovered by the prison guards. Finally, the government introduced evidence of a written and an oral confession in which appellant admitted he was trying to escape by secreting himself behind the bench in the hope that a later hour might bring an opportunity to slip unobserved over the remaining two fences. Hence the evidence, while disclosing an unsuccessful attempt to escape, excludes any reasonable hypothesis of innocence when viewed in the light most favorable to the government. Keaveny v. United States, 5 Cir., 1969, 405 F.2d 821, 822; see also Giles v. United States, 9 Cir., 1946, 157 F.2d 588, 590.

█ Equally without merit is appellant's argument that the oral and the written confessions should have been held inadmissible for the reason that appellant did not knowingly and intelligently waive his constitutional rights under the standards set forth in Miranda v. Arizona, 1966, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694. The government carried its burden of showing an intelligent waiver and an absence of duress by offering testimony which revealed that the atmosphere surrounding the interrogation was cordial and that the interviewing agent meticulously informed appellant of his constitutional rights by reading from a standard form and then pausing after each sentence to explain the meaning of the words and to inquire if appellant understood what was being read.

Finding no error in appellant's trial and subsequent conviction, the judgment of the district court is hereby

Affirmed.

---

1. During the daylight hours, inmates could legally be present in the recreation area.