UNITED STATES of America
v.
Jesse J. STUCKEY, Appellant.
No. 18859.

United States Court of Appeals,
Third Circuit.

Argued March 17, 1971.

Decided May 4, 1971.

Richard C. Brittain, Danville, Pa., for appellant.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa. (S. John Cottone, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before ADAMS and GIBBONS, Circuit Judges and WHIPPLE, District Judge.

OPINION OF THE COURT

PER CURIAM:

Appellant, Jesse J. Stuckey, appeals from his conviction in the Middle District of Pennsylvania for violation of Title 18 U.S.C. § 1792 and § 2. Specifically, he was found guilty of possession of a knife-like instrument while a prisoner at Lewisburg Penitentiary. Appellant argues that the court erred in admitting an FBI agent's testimony concerning certain oral admissions made by Stuckey. Out of the presence of the jury the trial judge conducted a hearing on these statements, at which time Special Agent Mayfield testified that he personally interviewed Stuckey at Lewisburg. At that time the "Miranda" warnings were given in the following manner:

"A. I provided the defendant with this copy and asked him to read it. After he read it I went over it with him and asked him if he understood what his rights were. He stated that he did. I asked him to sign it and he declined to do so." [p. 69 Transcript —Joint Exhibit G].

Mayfield later testified that he went over each specific warning listed on the card and Stuckey then told him (Mayfield) that he wouldn't sign it, but he had no objections to discussing the matter with the agents. Stuckey himself offered no testimony at the hearing or at trial.

The rule in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966) does not require that a waiver of rights be in writing, but only that it be voluntarily, willingly and intelligently made. This case is not dissimilar from United States v. Ruth, 394 F.2d 134 (3d Cir.), cert. denied 393 U.S. 888, 89 S.Ct. 206, 21 L.Ed.2d 166 (1968). This court cannot conclude as a matter of law that the fact that Stuckey made oral statements must mean that he could not have understood the nature of the warning. There is no evidence of misunderstanding and we decline to manufacture such evidence in lieu of its absence in the record. This case is factually distinguishable from United States v. Frazier (D.C.Cir. Feb. 24, 1971). In that case there was evidence that the defendant did not understand the meaning of the warnings and the police either knew it or should have known it.

In addition to the admission of his oral statement, Stuckey argues that his conviction must be reversed because it constituted a violation of his Fifth Amendment right not to be put in jeopardy twice for the same offense. Appellant alleges he was placed in a segregation unit for 15 days after he was apprehended. He argues that this should constitute his sole punishment. Administrative sanctions imposed by

prison officials upon a prisoner following his apprehension in connection with the commission of a crime is not a bar to subsequent prosecution for the crime in a court of competent jurisdiction. Gilchrist v. United States, 427 F.2d 1132 (5th Cir. 1970); Patterson v. United States, 183 F.2d 327 (4th Cir.), cert. denied sub nom. Kimball v. United States, 340 U.S. 893, 71 S.Ct. 200, 95 L.Ed. 647 (1950).

The opinion of the district court is affirmed.