**Kenneth Alexander HUTCHISON, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1549.**

United States Court of Appeals, Tenth Circuit.

Nov. 17, 1971.

Jack L. Love, Federal Public Defender, has filed a memorandum opposing summary affirmance on behalf of appellant.

Before LEWIS, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

Hutchison pleaded guilty to a charge of escape from federal confinement, 18 U.S.C. § 751, and was sentenced to a two-year term of imprisonment. He was also subjected to administrative punishment where 375 days of accumulated "good time" was forfeited, pursuant to 18 U.S.C. § 4165.

The first claim in this action is that the combination of administrative punishment and criminal conviction amounts to double jeopardy in violation of the Fifth Amendment. Numerous cases have held that this does not constitute double jeopardy and we agree. United States v. Lepiscopo, 429 F.2d 258 (5th Cir. 1970), cert. denied 400 U.S. 948, 91 S.Ct. 255, 27 L.Ed.2d 254; Gilchrist v. United States, 427 F.2d 1132 (5th Cir. 1970); United States v. Apker, 419 F.2d 388 (9th Cir. 1969); United States v. Cordova, 414 F.2d 277 (5th Cir. 1969); United States v. Shapiro, 383 F.2d 680 (7th Cir. 1967); Hamrick v. Peyton, 349 F.2d 370 (4th Cir. 1965); Rush v. United States, 290 F.2d 709 (5th Cir. 1961); Mullican v. United States, 252 F.2d 398 (5th Cir. 1958); Patterson v. United States, 183 F.2d 327 (4th Cir. 1950), cert. denied 340 U.S. 893, 71 S.Ct. 200, 95 L.Ed. 647; Gibson v. United States, 161 F.2d 973 (6th Cir. 1947); Pagliaro v. Cox, 143 F.2d 900 (8th Cir. 1944).

The second claim is that the plea of guilty to the escape charge was involuntary since Hutchison would not have entered such a plea if he had known that "good time" credit had been forfeited. It is urged that Rule 11, Federal Rules of Criminal Procedure, requires that a defendant be advised of the consequences of a guilty plea, and failure to mention the possible administrative punishment rendered the plea either involuntary or a failure to comply with Rule 11. We do not agree. The court imposed sentence for violation of the escape statute and it was unnecessary to advise Hutchison that he may also be subjected to administrative punishment. Our case of Jenkins v. United States, 420 F.2d 433 (10th Cir. 1970) is not in point since ineligibility for probation or parole was a definite practical consequence of the plea, necessitating such information be given Jenkins.

Upon docketing in this court, this matter was assigned to the summary calendar and the parties were so informed. The attorney appointed by the district court to assist Jenkins submitted a memorandum here, addressing the underlying merits. A careful and thorough review of the files and records in this cause convinces us that the judgment of the district court is correct and that further hearing is unnecessary.

Affirmed.