UNITED STATES of America, Appellee,

v.

**Frank Martin WILKE, Appellant.**

No. 71–1724.

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1971.

Rehearing Denied Dec. 27, 1971.

Philip H. DeTurk, Puyallup, Wash., for appellant.

J. S. Obenour, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before CHAMBERS, MERRILL and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant was indicted, tried and convicted in a jury trial for violating 18 U.S.C. § 751, escape from a federal penitentiary.

McNeil Island Penitentiary in the state of Washington is a federal prison. The prison related housing, sawmill, farm camp and auto shop are all located on the federally owned island, outside the walls of the main institution.

Appellant, an inmate of the prison, who worked at the auto shop outside the main institution, left without permission. Four days later, he was found in hiding in a wooded area of the island. His sole contention on this appeal is that the facts do not show an escape within the meaning of the controlling statute. We disagree.

This appeal is controlled by Bayless v. United States, 381 F.2d 67 (9th Cir. 1967). Explicit in the *Bayless* decision is the proposition that the act of leaving the "main institution" and hiding in the woods constituted an escape within the meaning of the statute. For that matter, such a conclusion is a necessary foundation for the ultimate decision in *Bayless*.

Authorities cited by appellant are distinguishable and do not even remotely suggest that the record before us does not support a conviction. For that matter, Giles v. United States, 157 F.2d 588 (9th Cir. 1946) and United States v. Person, 223 F.Supp. 982 (S.D.Cal.1963), cited by appellant, buttress the position of appellee, rather than that of appellant. The crime was committed when appellant deliberately terminated his custody by running away and hiding. Cf. United States v. McPherson, 436 F.2d 1066 (5th Cir. 1971); Giles v. United States, *supra,* 157 F.2d p. 590.

Judgment affirmed.