**Harold Orlando MOORE, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–2444.**

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1972.

Rehearing Denied March 28, 1972.

Richard E. Whinery, Dallas, Tex. (Court-appointed), for appellant.

Crawford C. Martin, Atty. Gen., Howard M. Fender, Austin, Tex., for appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The single issue presented by this appeal is whether the State of Texas furnished the petitioner-appellant with such an ineffective counsel for his assistance as to deny his rights under the Sixth Amendment. We are pointed to eight separate areas of pre-trial and trial conduct, which are asserted individually and in their cumulative impact to demonstrate counsel's ineffectiveness. Applying the ad hoc rule of this Circuit, we cannot say that the conduct of appellant's trial counsel was shocking to the conscience of this court. United States v. Mancuso, 423 F.2d 23 (5th Cir. 1970). The Sixth Amendment does not guarantee an attorney who will secure subjectively satisfactory results for those accused of crime, nor does it guarantee errorless counsel or the best counsel

available. Loper v. Beto, 440 F.2d 934 (5th Cir. 1971.) The performance of counsel is not to be judged by hindsight. Rather, an accused is entitled to such counsel as is reasonably likely to render and who does render reasonably effective assistance, MacKenna v. Ellis, 280 F.2d 592 (5th Cir. 1960). *Cf.* King v. Beto, 5th Cir., 429 F.2d 221 and Chalk v. Beto, 429 F.2d 225 (5th Cir. 1970). The performance of trial counsel furnished to the petitioner-appellant here passes these tests.

Affirmed.