Ralph Michael **LEPISCOPO**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 72-2958
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1972.

Ralph Michael Lepiscopo, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This appeal is taken from the denial of a motion to vacate the conviction and sentence [1] of Ralph Michael Lepiscopo, a federal prisoner. We affirm.

Appellant contends that he is entitled to § 2255 relief because the district court refused to appoint a fellow inmate "jailhouse lawyer" to represent him at his second trial. On retrial after a reversal by this Court,[2] Lepiscopo was again convicted and that judgment was affirmed on direct appeal. United States v. Lepiscopo, 5th Cir. 1970, 429 F.2d 258, cert. denied 1970, 400 U.S. 948, 91 S.Ct. 255, 27 L.Ed.2d 254.

The district court stated findings and conclusions in its final order in part as follows:

"At both trials petitioner waived counsel and ably conducted his own defense. Notwithstanding petitioner's waiver, able counsel was appointed to represent him. At the court's request counsel was present in the courtroom at all times during trial and available to petitioner. Furthermore, the court knows of no constitutional authority which commands that an inmate defendant is entitled to have a 'jailhouse lawyer' appointed to represent him." (Footnotes omitted)

We agree with the district court's ruling. On the appellant's later direct appeal, we held that "The record amply illustrates that . . . [Lepiscopo] was competent to waive, and did validly waive, representation of counsel in the entire proceedings below. It is further apparent that Lepiscopo ably and ag-

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Filed pursuant to the provisions of 28 U.S.C.A. § 2255.

2. United States v. Lepiscopo, 5th Cir. 1969, 409 F.2d 843.

gressively served as his own counsel with a degree of competence which few laymen could exceed." 429 F.2d at 261.

 There can be no doubt that a defendant in a criminal case has the right to assistance of counsel. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Gideon v. Wainwright, 1962, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799. Nevertheless, an accused also has the right to defend himself at his trial, provided that he has knowingly, understandingly and voluntarily waived his right to the assistance of counsel. *See* Hawkins v. United States, 5th Cir. 1970, 434 F.2d 738, 739; United States v. Odom, 9th Cir. 1970, 423 F.2d 875; Minor v. United States, 8th Cir. 1967, 375 F.2d 170, cert. denied 1967, 389 U.S. 882, 88 S.Ct. 131, 19 L.Ed.2d 177.

Here there is a strong showing of valid waiver of counsel.

 A person accused of a criminal offense "is entitled to such counsel as is reasonably likely to render and who does render reasonably effective assistance." Moore v. Beto, 5th Cir. 1972, 458 F.2d 386. The courts are not required, however, to furnish an indigent defendant with any particular attorney who may be desired. *See* Brown v. Craven, 9th Cir. 1970, 424 F.2d 1166, 1170; Raullerson v. Patterson, D.Colo. 1967, 272 F.Supp. 495. This latter rule is all the more applicable to a "jailhouse lawyer," who is unlikely to have any formal training in the law, and who would not be subject to the ethical obligations which are imposed on members of the bar. Indeed, Lepiscopo's fellow inmate would be prohibited by the district court's Local Rules from practicing before it because he is not a member of the bar.[3]

It seems hardly necessary to add that the appellant's reliance on Johnson v. Avery, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, is misplaced. In the *Johnson* case the Supreme Court held that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as that here in issue, barring inmates from furnishing such assistance to other prisoners." 393 U.S. at 490, 89 S.Ct. at 751. At both of Lepiscopo's trials, however, the district court offered him full and proper assistance of counsel, which he chose to waive.

Affirmed.

---

3. Local Rules of the United States District Court for the Northern District of Georgia, Rule 1, Attorneys. We find nothing objectionable about this Rule.