**Caesar STANSEL, Jr., Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–3359.**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1973.

Caesar Stansel, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for the United States.

Before JOHN R. BROWN, Chief Judge, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Stansel, represented by privately-retained counsel, was convicted upon trial by jury of four counts of possession and transferring, not pursuant to an official order form, heroin and cocaine, violations of Title 26, U.S.C., Sections 4704 (a) and 4705(a). He was sentenced to a total of 10 years imprisonment. We affirmed on direct appeal in Stansel v. United States, 5 Cir., 1971, 440 F.2d 376.

The appellant's Motion to Vacate, pursuant to Title 28 U.S.C., Section 2255, was denied by the court below without an evidentiary hearing on September 25, 1972. Written reasons were assigned by the district court for the denial. We affirm.

In his Section 2255 motion to vacate sentence, appellant alleged (1) that he was arrested without probable cause and without a warrant although agents had him under surveillance for several months prior to his arrest; (2) that counsel was ineffective at his trial in that she had no defense prepared and called no witnesses except a government informer; and (3) that he was denied a meaningful appeal due to counsel's inadequate brief on appeal. The court found from the trial transcript that there was probable cause for arrest after appellant had made several sales of narcotics to undercover agents. The court also found from the transcript that coun-

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

sel was effective in defense of appellant in the face of compelling evidence of guilt; and that the informant was called in an attempt to discredit testimony of government witnesses. The court also found that the appeal was based upon the sufficiency of the evidence, and that appellant failed to suggest what additional issues might have been raised by counsel.

We discern no error in the findings below. In light of the trial evidence against appellant, counsel's representation was not inadequate or ineffective. Moore v. Beto, 5 Cir. 1972, 458 F.2d 386; Cappetta v. Wainwright, 5 Cir. 1970, 433 F.2d 1027; Foster v. Beto, 5 Cir. 1969, 412 F.2d 892.

The trial transcript also reveals that undercover agents made purchases from appellant; thus it is obvious that there was probable cause for an arrest.

Affirmed.