BOYER, Chief Judge.
Appellant, an inmate at the Union Correctional Institute at Raiford, received a two year sentence for possession of a weapon by a State prisoner. The sentence was imposed pursuant to appellant’s plea of nolo contendere which was entered with the express reservation of the right to appeal the denial of appellant’s motion to dismiss the information. Appellant argues on appeal, as he did in his motion to dismiss, that by virture of his special administrative confinement by prison authorities, the State’s attempt to further punish him for possessing a weapon was in contravention of the double jeopardy clauses of the United States and Florida Constitutions.
After careful consideration of the case authority cited to us by the parties, we have concluded that the double jeopardy provisions of the Florida and Federal Constitutions do not apply. We agree with the following decision reached by the U.S. Third Circuit Court of Appeal: “Administrative sanctions imposed by prison officials upon a prisoner following his apprehension in connection with the commission of a crime is [sic] not a bar to subsequent prosecution for the crime in a court of competent jurisdiction.” United States v. Stuckey, 441 F.2d 1104, 1105-1106 (3rd Cir. 1971), cert. den., 404 U.S. 841, 92 S. Ct. 136, 30 L.Ed.2d 76 (1971); see also Gilchrist v. United States, 427 F.2d 1132 (5th Cir. 1970). Virtually every other federal circuit has reached the same conclusion. Hamrick v. Peyton, 349 F.2d 370 (4th Cir. 1965); Gibson v. United States, 161 F.2d 973 (6th Cir. 1947); United States v. Shapiro, 383 F.2d 680 (7th Cir. 1967); United States v. Salazar, 505 F.2d 72 (8th Cir. 1974); United States v. Apker, 419 F.2d 388 (9th Cir. 1969); Hutchison v. United States, 450 F.2d 930 (10th Cir. 1971).
AFFIRMED.
RAWLS and McCORD, JJ., concur.