# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2019

No. 19-60107
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY BUCK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-147-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

A jury convicted Defendant-Appellant Tony Buck of possessing contraband in prison, specifically, a cell phone, in violation of 18 U.S.C. § 1791(a)(2). The district court sentenced Buck to eight months of imprisonment and imposed a one-year term of supervised release. Buck timely filed a notice of appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60107

Buck maintains that his conviction under § 1791(a)(2) violates his right to be free from double jeopardy because the Bureau of Prisons has already disciplined him for the same conduct. According to Buck, he lost 41 days of "good time" credits, lost 6 months of phone privileges, and spent 15 days in administrative segregation. Whether a prosecution violates the Double Jeopardy Clause of the Fifth Amendment is a question of law which this court reviews de novo. *United States v. Delgado*, 256 F.3d 264, 270 (5th Cir. 2001).

Buck acknowledges in a footnote to his brief that this court's decision in *Gilchrist v. United States*, 427 F.2d 1132 (5th Cir. 1970) (per curiam), "does not support" his double jeopardy argument. In *Gilchrist*, this court explicitly held that "the double jeopardy provision of the Fifth Amendment is not violated because a prisoner is subjected to discipline by prison authorities for violating prison regulations and is also prosecuted in the district court in a criminal action based upon the same acts." 427 F.2d at 1132 (citations omitted); *see also United States v. Galan*, 82 F.3d 639, 640 (5th Cir. 1996).

Notwithstanding *Gilchrist*, Buck contends that, under the factors set out in the Supreme Court's subsequent decision in *Hudson v. United States*, 522 U.S. 93 (1997), his prison discipline constitutes a criminal punishment, and his prosecution under § 1791(a)(2) violated the Double Jeopardy Clause. He does not, however, cite a single case in which this court has held, post-*Hudson,* that prison discipline bars further criminal prosecution under the Double Jeopardy Clause. In an unpublished decision, however, this court noted that "[w]e, as well as other courts, have held, pre-and post-*Hudson* . . . that disciplinary sanctions imposed by prison authorities for infractions of prison regulations do not bar a subsequent criminal prosecution." *United States v. Daniel*, No. 06-60822, 2007 WL 837095, at *3 (5th Cir. Mar. 15, 2007) (unpublished).

Based on the foregoing, the judgment of the district court is AFFIRMED.