**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1321
_____

UNITED STATES OF AMERICA

v.

HUGO REYNOSA,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-21-cr-00067-001)
Chief U.S. District Judge:  Honorable Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2022

_____

Before:  SHWARTZ, MATEY and FUENTES, <u>Circuit Judges</u>.

(Filed:  December 7, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

After a bench trial, Hugo Reynosa was found guilty of possessing contraband in a federal prison and sentenced to eighteen months' imprisonment. Reynosa appeals. His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). We agree and will grant the motion and dismiss the appeal.

I

A

Reynosa was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, where staff noticed an increase in inmates' possession of contraband. The prison announced all cells would be searched and instructed inmates to exit their cells empty-handed. Blake Pealer, a corrections officer, observed Reynosa leave his cell with a garbage bag and drop it in a nearby trash can. Pealer then retrieved the garbage bag, detained Reynosa, and signaled for help from a second officer, Joe Ordonez. Ordonez observed that Reynosa was agitated and placed him in a holding cell. While questioning Reynosa, Ordonez opened the garbage bag and found a piece of metal with a pointed end. Reynosa told Ordonez that he found the object in his cell when he arrived in Lewisburg but "threw [it] in to the garbage can because he did not want to get caught with it," and he denied that it was a weapon. App. 51. Pealer and Ordonez believed, based on their experience, that the piece of metal could be used as a weapon and that Reynosa intended to use it as such.

Ordonez then investigated. Among other things, he reviewed surveillance footage purportedly showing Reynosa placing the garbage bag in the trash can. Ordonez took a screenshot of the video that depicted Reynosa holding the bag with Pealer nearby but neglected to preserve the video because of the volume of work that followed the numerous cell searches conducted on the same day.

The Bureau of Prisons ("BOP") imposed disciplinary sanctions on Reynosa based on his possession of contraband.

B

A grand jury returned an indictment charging Reynosa with possessing contraband, specifically "a homemade sharpened piece of metal" that was "designed and intended to be used as a weapon," in a federal prison in violation of 18 U.S.C. § 1791(a)(2) and (b)(3). App. 13. Reynosa waived his right to a jury trial.

At the bench trial, the Government presented testimony from Pealer and Ordonez, the screenshot from the surveillance footage and the piece of metal found in the garbage bag. The District Court overruled Reynosa's objections to testimony regarding (1) the officers' opinions that the piece of metal was designed or intended to be used as a weapon and (2) Reynosa's reaction to seeing the piece of metal. The Court, however, precluded testimony about the contents of the missing surveillance video and assigned "little or no weight" to the screenshot of that video. At the end of the trial, the Court found Reynosa guilty of violating § 1791(a)(2).

At the sentencing hearing, the District Court adopted the Guidelines calculation set forth in the Presentence Report of an offense level of thirteen and a criminal history category of III, resulting in a sentencing range of eighteen to twenty-four months. The Court rejected Reynosa's request for a downward variance based on his diagnosis of attention deficit hyperactivity disorder ("ADHD"). Observing that Reynosa "had a history of misconduct in prison," including prior possessions of hazardous items, the Court imposed upon him eighteen months' imprisonment, a $100 special assessment, and a $200 fine. App. 91-92.

Reynosa appealed. Finding no nonfrivolous grounds on which to appeal, Reynosa's counsel moved to withdraw under Anders. Reynosa filed a pro se informal brief.

II[1]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to [ensure] that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and a supporting brief under Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 1291. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300. An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If the Anders brief meets these requirements, it guides our review, and we need not scour the record. See Youla, 241 F.3d at 300-01.

Defense counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues in Reynosa's appeal. First, the brief demonstrates a thorough examination of the record and identifies (1) the District Court's jurisdiction, (2) potential pretrial issues, (3) Reynosa's waiver of a jury trial, (4) the validity of the Court's evidentiary rulings, (5) sufficiency of the evidence, and (6) the reasonableness of Reynosa's sentence. Second, the brief explains why any challenge to the conviction or sentence would be frivolous under the governing law. Counsel's Anders brief is therefore sufficient, and we will proceed to review the issues counsel identified.

B

1

Reynosa's counsel correctly noted that the District Court had jurisdiction to enter the judgment of conviction and sentence. United States district courts have jurisdiction over federal offenses. 18 U.S.C. § 3231. Reynosa was indicted for possession of contraband in federal prison, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3), which is a federal offense. Thus, there is no issue of arguable merit concerning the District Court's jurisdiction.

2

Next, Reynosa's counsel identified two possible pretrial issues, neither of which has merit. The first is a potential Miranda issue arising from Ordonez's questioning of Reynosa in a holding cell. Even if Miranda applied in Reynosa's situation,[2] we cannot consider suppression issues raised for the first time on appeal without a "colorable explanation why [the defendant] failed to raise [them] to the District Court." United States v. Rose, 538 F.3d 175, 184 (3d Cir. 2008) (citing Fed. R. Crim. P. 12's "good cause" standard); see also United States v. Green, 556 F.3d 151, 154 n.2 (3d Cir. 2009)

---

[2] "An inmate who is removed from the general prison population for questioning and is 'thereafter . . . subjected to treatment' in connection with the interrogation 'that renders him in custody for practical purposes . . . will be entitled to the full panoply of protections prescribed by Miranda.'" Howes v. Fields, 565 U.S. 499, 514 (2012) (quoting Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (alterations in original)). Reynosa was taken to a holding cell separate from the general prison population, App. 42, but the record does not show whether he was in "custody" for Miranda purposes as there was no testimony that he was restrained, barred from leaving, or required to answer questions.

(suggesting <u>Rose</u> may preclude plain error review where <u>Miranda</u> issues were not raised in the district court). No such explanation has been provided.

The second issue, based on the Double Jeopardy Clause, also fails.[3] The BOP's internal disciplinary action does not bar a subsequent criminal prosecution for the same conduct. <u>See</u> <u>United States v. Newby</u>, 11 F.3d 1143, 1144-45 (3d Cir. 1993); <u>see also</u> <u>United States v. Stuckey</u>, 441 F.2d 1104, 1105-06 (3d Cir. 1971) (per curiam) (rejecting double jeopardy challenge based on prison sanctions for weapons possession). Thus, any claim that imposition of prison sanctions for possession of the contraband triggers Double Jeopardy protection would be frivolous.

There are no meritorious pretrial issues.

3

There is also no basis to challenge Reynosa's waiver of his right to a jury trial. Reynosa provided a written waiver as required by Federal Rule of Criminal Procedure 23(a), which stated he "knowingly and voluntarily waive[d] [his] Sixth Amendment right to a jury trial." D. Ct. ECF No. 30. In addition, the District Court conducted a colloquy in which Reynosa acknowledged that he (1) understood he was entitled to a jury trial, (2) was advised that, to be convicted, the jury would need to be unanimous in finding him guilty, and (3) discussed with counsel the advantages and disadvantages of a jury trial. See <u>United States v. Anderson</u>, 704 F.2d 117, 119 (3d Cir. 1983). Because Reynosa's

---

[3] Because Reynosa did not raise any pretrial motions or objections, we review this issue for plain error. Fed. R. Crim. P. 52(b); <u>United States v. Bruce</u>, 950 F.3d 173, 175 (3d Cir. 2020).

waiver was knowing and voluntary, any challenge to the jury trial waiver would be frivolous.

4

Counsel identified three potential evidentiary issues but correctly concluded that each lacks merit. First, any claim that Reynosa's due process rights were violated because the prison failed to preserve the surveillance video fails. A failure to preserve evidence violates due process where (1) there are indicia of bad faith; (2) the missing evidence was likely exculpatory; and (3) the defendant lacked "alternative means of demonstrating their innocence." United States v. Boyd, 961 F.2d 434, 436 (3d Cir. 1992) (quoting California v. Trombetta, 467 U.S. 479, 490 (1984)). Bad faith "turn[s] on [law enforcement's] knowledge of the exculpatory value of the evidence at the time it was lost or destroyed," Arizona v. Youngblood, 488 U.S. 51, 56 n.1 (1988), and may be shown where evidence was destroyed "in a calculated effort" to thwart the defense, Trombetta, 467 U.S. at 488-89. Nothing in the record shows Ordonez acted in bad faith when he failed to preserve the video. To the contrary, Ordonez testified that the video was lost through "neglect[]" stemming from his preparation of incident reports about the numerous searches conducted on the same day. App. 46. Thus, there is no indication that Ordonez destroyed the video in bad faith.

Moreover, the video was unlikely to have been exculpatory. The screenshot from the video, which was admitted without objection, depicted (1) Reynosa carrying the garbage bag and (2) Pealer nearby. The screenshot therefore corroborated Pealer's

8

testimony that he observed Reynosa carrying the garbage bag containing the contraband to the trash. Thus, the video would not have exculpated Reynosa.

Second, any challenge to the officers' lay opinion testimony[4] under Fed. R. Evid. 701 that the piece of metal was designed or intended to be used as a weapon fails. Safeguards such as those provided for in Rules 701 and 702 are largely irrelevant in the context of a bench trial because it its presumed that the bench judge will not rely on inadmissible evidence. See Williams v. Illinois, 567 U.S. 50, 69 (2012); Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000) (observing expert testimony standards "are not as essential" in a bench trial). In any event, the officers' lay opinion testimony was admissible under Rule 701 because it was "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701; United States v. Fulton, 837 F.3d 281, 291 (3d Cir. 2016) (lay opinion testimony permitted "when [the witness] has some personal knowledge of [the] incident," and the opinion is drawn from "the witness's sensory and experiential observations."). Here, each officer personally examined the piece of metal, and each had experience with items fashioned to serve as weapons. Pealer testified that he has recovered "close to 100" weapons at Lewisburg, App. 30, and Ordonez testified that he has seen "the whole gamut

---

[4] We review challenges to the admission of lay opinion testimony under Rule 701 for abuse of discretion. United States v. Shaw, 891 F.3d 441, 453 (3d Cir. 2018).

of weapons in all stages of their fabrication" from working in prisons for twenty-two years.  App. 50.  Thus, the officers' opinions were proper under Rule 701.

Third, the District Court had the discretion to allow Ordonez to describe Reynosa's reaction to seeing the piece of metal, even though it was partly elicited via a leading question.[5]  The Government asked Ordonez, "[M]y understanding [is] that you perceived the drop of the shoulders and . . . putting his head down to [mean he was] guilty—."  App. 44.  The question, while leading, simply restated testimony Ordonez already provided:  Reynosa's "shoulders dropped," and it looked like "he knew that he was caught with possession of something that he was not supposed to have."  App. 44. Although leading questions should generally not be used on direct examination, Fed. R. Evid. 611(c), district courts have discretion to allow even "a large number of leading questions" so long as the questions are not "so flagrant as to vitiate the integrity of the trial."  Gov't of V.I. v. Brathwaite, 782 F.2d 399, 406 (3d Cir. 1986) (citation omitted). Because we cannot say that this question threatened the integrity of the trial, counsel correctly concluded that any challenge to it lacks merit.

5[6]

Counsel is also correct that there was sufficient evidence to support the conviction. A rational factfinder could have found each of the elements of 18 U.S.C. § 1791(a)(2)

_____

[5] We review a District Court's decision regarding the use of leading questions for abuse of discretion.  Gov't of V.I. v. Brathwaite, 782 F.2d 399, 406 (3d Cir. 1986).
[6] "We review a sufficiency challenge de novo," United States v. Hendrickson, 949 F.3d 95, 97 n.2 (3d Cir. 2020), and consider the record "in the light most favorable to the

10

beyond a reasonable doubt.  See United States v. Caraballo-Rodriguez, 726 F.3d 418, 424-25 (3d Cir. 2013) (en banc).  First, Reynosa was a federal inmate.  Second, Pealer observed Reynosa leave his cell holding the garbage bag that contained the piece of metal, and the screenshot of the surveillance video depicted the same.  Furthermore, Ordonez testified that Reynosa stated he wanted to throw away the piece of metal so he would not "get caught with it," App. 51, which shows that he knowingly possessed it.  Third, both officers testified that based on their experience, the piece of metal was designed or intended to be used as a weapon.  Thus, any sufficiency challenge would be frivolous.

6[7]

Reynosa's sentence is procedurally and substantively reasonable.  With respect to procedural reasonableness, the District Court followed this Court's multi-step sentencing process by (1) calculating the applicable Guidelines range and (2) meaningfully considering the 18 U.S.C. § 3553(a) factors, including Reynosa's request for a downward variance.  See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  As to the history and characteristics of the defendant and need for medical care, the Court considered Reynosa's ADHD and his treatment.  As to the nature of the offense, the

_____

prosecution to determine whether any rational trier of fact could have found proof of guilt[ ] beyond a reasonable doubt," United States v. Caraballo-Rodriguez, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (alteration in original).

[7] We review the procedural and substantive reasonableness of a sentence for abuse of discretion, Gall v. United States, 552 U.S. 38, 46 (2007), and we review the factual determinations underlying a sentence for clear error, United States v. Douglas, 885 F.3d 145, 150 n.3 (3d Cir. 2018).

11

Court explained that Reynosa possessed a piece of metal "fashioned into a weapon." App. 91. As to the need for deterrence, the Court noted that Reynosa had a history of weapons possession while in prison. Thus, the sentence was procedurally reasonable.

The sentence was also substantively reasonable because we cannot say "no reasonable sentencing court would [not] have imposed" the same sentence "for the reasons the district court provided." Tomko, 562 F.3d at 568. First, a sentence within the applicable guideline range is presumptively reasonable. Rita v. United States, 551 U.S. 338, 347 (2007). Second, Reynosa's sentence reflects that he did not accept responsibility for his conduct and was previously disciplined for possessing hazardous contraband in prison. Thus, any challenge to the substantive reasonableness of Reynosa's sentence would be meritless.

### III

Because counsel has identified no nonfrivolous grounds for appeal,[8] we will grant

---

[8] Reynosa's two pro se arguments also lack merit. First, Reynosa argues that the officers' testimony was inconsistent. He does not identify, nor can we find, inconsistencies in their descriptions of Reynosa's conduct. To the extent their testimony was inconsistent with Reynosa's, the District Court was free to credit their testimony. To the extent Reynosa argues his counsel was ineffective in cross-examining the officers or impeaching them with inconsistent statements under Federal Rule of Evidence 801(d)(1)(A), the proper avenue for raising such a claim is through a 28 U.S.C. § 2255 petition. See United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991).

Second, Reynosa notes that the PSR failed to mention a 2020 psychological assessment. Reynosa cannot show such an omission "affected [his] substantial rights" because there is no indication that the absence of that assessment prejudiced Reynosa. To the contrary, the PSR documented Reynosa's 2003, 2006, 2010, and 2021 assessments and (2) the District Court discussed Reynosa's ADHD diagnosis and encouraged him to complete another assessment so the BOP could provide treatment.

counsel's motion to withdraw[9] and dismiss the appeal.

---

[9] Counsel is also relieved of the obligation to file a petition of certiorari in the Supreme Court of the United States. 3d Cir. L.A.R. 109(b).